1  PAUL B. BEACH, State Bar No. 166265
   pbeach@lbaclaw.com
2  MICHAEL D. ALLEN, State Bar No. 198126
   mallen@lbaclaw.com
3  GEORGE E. MORRIS JR., State Bar No. 281062
   gmorris@lbaclaw.com
4  LAWRENCE BEACH ALLEN & CHOI, PC
   100 West Broadway, Suite 1200
5  Glendale, California 91210-1219
   Telephone No. (818) 545-1925
6  Facsimile No. (818) 545-1937

7
   Attorneys for Defendant,
8  ERIC PARRA

9
                  **UNITED STATES DISTRICT OF COURT**
10
                    **CENTRAL DISTRICT OF CALIFORNIA**
11

12
13 FRANK O'CONNELL, NICHOLAS          ) Case No. 13-CV-01905-MAN
   O'CONNELL                          )
14                                    ) Honorable Margaret A. Nagle
            Plaintiffs,                )
15                                    )
                                      )
16      v.                            ) **ANSWER BY DEFENDANT ERIC**
                                      ) **PARRA TO FIRST AMENDED**
17                                    ) **COMPLAINT FOR DAMAGES;**
                                      ) **DEMAND FOR JURY TRIAL**
18 J.D. SMITH; ESTATE OF GILBERT      )
   PARRA; ERIC PARRA, COUNTY OF       )
19 LOS ANGELES AND DOES 1-10.         )
                                      )
20          Defendants.                )
                                      )
21                                    )
                                      )
22                                    )
                                      )
23                                    )

24
25      COMES NOW Defendant, ERIC PARRA, and answering the First Amended
26 Complaint on file herein for himself and for no other Defendant, admits, denies and
27 alleges as follows:
28

                                        1

1. Answering Paragraph 1, this Defendant admits that, in 1985, Plaintiff was convicted of first degree murder in the death of Jay French and was sentenced to 25 years to life in imprisonment. This Defendant further admits that the evidence at the underlying prosecution included, but was limited to, the testimony of eyewitnesses Daniel Druecker and Maurice Saucy, who both made identifications from photo spreads presented to them by Homicide Detectives assigned to the Los Angeles County Sheriff's Department. With respect to the remainder of the allegations in Paragraph 1, Defendant denies generally and specifically each and every allegation set forth therein.

2. Answering Paragraphs 2, 3, 4, 24, 65-70, 78-84, 86-93, 97 and 101-103 this Defendant denies generally and specifically each and every allegation contained therein.

3. Answering Paragraphs 5-8, 13, 19, 25, 26, and 59-64 this Defendant does not have sufficient information or belief to enable him to answer said paragraphs and, on that ground, denies each and every allegation contained therein.

4. Answering Paragraphs 10 and 17 this Defendant admits the allegations contained therein.

5. Answering Paragraph 11 of the First Amended Complaint, Defendant admits that under the facts alleged, the Court has subject matter jurisdiction over Plaintiffs' claims at this time.

6. Answering Paragraph 12 of the First Amended Complaint, Defendant admits that under the facts alleged, venue is proper.

7. Answering Paragraph 14, this Defendant admits that J.D. Smith was an employee of Los Angeles County, worked for the Los Angeles County Sheriff's Department, and was a resident of the State of California.

8. Answering Paragraph 15, this Defendant admits that Gilbert Parra was an employee of Los Angeles County, worked for the Los Angeles County Sheriff's Department, was a resident of the State of California and is deceased. With respect to the remainder of the allegations in Paragraph 15, Defendant does not have sufficient information or belief to able him to answer said Paragraph and, on that ground, denies each and every allegation contained therein.

9. Answering Paragraph 16, this Defendant admits that Mr. Parra died testate on October 19, 2003, his Estate was administered in probate and the probate matter was closed in 2008.

10. Answering Paragraph 17, this Defendant admits that he was the personal representative of Mr. Parra's probate estate and is resident of the State of California.

11. Answering Paragraph 18, this Defendant admits that the County was and is a public entity organized and existing under the laws of California, that the Los Angeles County Sheriff's Department is a department within the County. As to the remainder of the allegations set forth in Paragraph 18 of the First Amended Complaint, this Defendant does not have sufficient information or belief to enable them to answer said paragraph, and on that ground, deny each and every allegation contained therein.

12. Answering Paragraphs 20-23 and 27-58 this Defendant does not have sufficient information or belief to enable him to answer said paragraphs.

13. Answering Paragraphs 71-77, 94, 96, 98, 99 and 104 this Defendant denies generally and specifically set forth therein and further denies that Plaintiff is entitled to an award of damages, or any other relief as a result of any act or omission by this Defendant.

14. Answering Paragraph 85, this Defendant incorporates by reference his responses to Paragraphs 1-84 as though fully set forth herein.

15. Answering Paragraph 95, this Defendant incorporates by reference his responses to Paragraphs 1-94 as though fully set forth herein.

16. Answering Paragraph 100, this Defendant incorporates by reference his responses to Paragraphs 1-99 as though fully set forth herein.

### FIRST AFFIRMATIVE DEFENSE

17. Defendant is entitled to qualified immunity since the applicable law was not clearly established and since a reasonable official in Defendant's position could have believed his conduct was lawful.

### SECOND AFFIRMATIVE DEFENSE

18. This individual Defendant is entitled to qualified immunity since there in no constitutional violation on the facts alleged, the applicable law was not clearly established, and reasonable officials in Defendant's position could have believed their conduct was lawful.

### THIRD AFFIRMATIVE DEFENSE

19. Defendant is entitled to testimonial immunity as provided by *Briscoe v. LaHue*, 460 U.S. 325 (1983) and its progeny.

### FOURTH AFFIRMATIVE DEFENSE

20. Defendant is entitled to immunity from damages accruing after the intervention of judicial officers, i.e., the District Attorney and the judge, since it is presumed that they exercised independent judgment.

### FIFTH AFFIRMATIVE DEFENSE

21. Plaintiff Nicholas O'Connell lacks standing to sue for the alleged violation of Plaintiff Frank O'Connell's constitutional rights.

### SIXTH AFFIRMATIVE DEFENSE

22. The search of Plaintiff's home was pursuant to a valid search warrant based upon probable cause.

### SEVENTH AFFIRMATIVE DEFENSE

23. That Plaintiff's First Amended Complaint does not state facts sufficient to constitute a cause of action against this Defendant or any Defendant under 42 U.S.C. § 1983 because simple negligence pursuant to the Unites States Supreme Court decision of *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), is not a federal civil rights violation.

### EIGHTH AFFIRMATIVE DEFENSE

24. Defendant is entitled to quasi-judicial immunity.

### NINTH AFFIRMATIVE DEFENSE

25. A conspiracy cannot be generally alleged in an action brought under the Federal Civil Rights Act.

### TENTH AFFIRMATIVE DEFENSE

26. Under the Civil Rights Act, where intent is an element of the claim, the facts must be alleged in complaint with specificity.

### ELEVENTH AFFIRMATIVE DEFENSE

27. The First Amended Complaint fails to state a cause of action.

### TWELFTH AFFIRMATIVE DEFENSE

28. Probable cause existed for the prosecution of Plaintiff Frank O'Connell.

### THIRTEENTH AFFIRMATIVE DEFENSE

29. The actions of this Defendant in all respects were reasonable, proper and legal.

### FOURTEENTH AFFIRMATIVE DEFENSE

30. Plaintiffs' claims are barred by absolute common law prosecutorial immunity.

### FIFTEENTH AFFIRMATIVE DEFENSE

31. That as a result of the incident that forms the subject matter of this litigation, Plaintiff Frank O'Connell was criminally prosecuted and rulings and findings therein are preclusive in the instant action.

### SIXTEENTH AFFIRMATIVE DEFENSE

32. Plaintiffs' First Amended Complaint fails to state a cause of action against this Defendant for punitive damage in that punitive damages violates this Defendant's due process of law rights.

### SEVENTEENTH AFFIRMATIVE DEFENSE

33. Plaintiffs' First Amended Complaint fails to state a cause of action against Defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

34. Plaintiffs' claims are barred by the doctrine of unclean hands.

### NINETEENTH AFFIRMATIVE DEFENSE

35. Plaintiffs' claims are barred by the doctrine of laches.

### TWENTIETH AFFIRMATIVE DEFENSE

36. Plaintiffs have failed to join necessary parties.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

37. Plaintiffs' First Amended Complaint does not meet the case or controversy requirement of Article III of the Constitution of the United States in that the injury or threat of injury is not real or immediate but is conjectural and hypothetical, consequently, Plaintiffs are not entitled to injunctive relief.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

38. Plaintiffs are not entitled to injunctive relief since they have not shown irreparable harm.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

39. Plaintiffs are not entitled to injunctive relief since the remedies at law are adequate.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

40. Plaintiffs are not entitled to injunctive relief sought since the relief sought is contrary to public policy.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

41. This answering Defendant is not legally responsible for the acts and/or omissions of the DOE Defendants.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

42. Plaintiffs' claims are barred by their failure to comply with the strict requirements imposed by California Probate Code §9000, *et. seq.*, regarding creditors' attempts to file a claim against an estate.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

43. There is no insurance coverage to otherwise allow Plaintiffs' claims against any estate in the instant lawsuit.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

44. A probate or trust estate is not a legal entity and, as such, it has no capacity to sue or be sued, or to defend an action.

45. WHEREFORE, Defendant ERIC PARRA prays that Plaintiffs take nothing by way of their First Amended Complaint and that this Defendant herein recover his costs and such other and further relief as the Court may deem just and proper.

# DEMAND FOR JURY TRIAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant ERIC PARRA demands a trial by jury pursuant to Federal Rules of Civil Procedure, Rule 38 (b) and Local Rule 38-1.

Dated: May 16, 2013          LAWRENCE BEACH ALLEN & CHOI PC


By: /s/ Michael D. Allen
        Michael D. Allen
Attorneys for Defendant,
ERIC PARRA