PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
MICHAEL D. ALLEN, State Bar No. 198126
mallen@lbaclaw.com
GEORGE E. MORRIS JR., State Bar No. 281062
gmorris@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants,
COUNTY OF LOS ANGELES, J.D. SMITH and ERIC PARRA

# UNITED STATES DISTRICT OF COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK O'CONNELL, NICHOLAS O'CONNELL<br><br>  Plaintiffs,<br><br>  v.<br><br>J.D. SMITH; ESTATE OF GILBERT PARRA; ERIC PARRA, COUNTY OF LOS ANGELES AND DOES 1-10.<br><br>  Defendants. | Case No. 13-CV-01905-MWF (PJWx)<br><br>Honorable Michael W. Fitzgerald<br><br>**ANSWER BY DEFENDANT COUNTY OF LOS ANGELES TO FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |

COMES NOW Defendant, COUNTY OF LOS ANGELES, and answering the First Amended Complaint on file herein for itself and for no other Defendant, admits, denies and alleges as follows:

1

1.     Answering Paragraph 1, this Defendant admits that, in 1985, Plaintiff was convicted of first degree murder in the death of Jay French and was sentenced to 25 years to life in imprisonment.  This Defendant further admits that the evidence at the underlying prosecution included, but was limited to, the testimony of eyewitnesses Daniel Druecker and Maurice Saucy, who both made identifications from photo spreads presented to them by Homicide Detectives assigned to the Los Angeles County Sheriff's Department.  With respect to the remainder of the allegations in Paragraph 1, Defendant denies generally and specifically each and every allegation set forth therein.

2.     Answering Paragraphs 2, 3, 4, 24, 65-70, 78-84, 86-93, 97 and 101-103 this Defendant denies generally and specifically each and every allegation contained therein.

3.     Answering Paragraphs 5-8, 13, 19, 25, 26, and 59-64 this Defendant does not have sufficient information or belief to enable it to answer said paragraphs and, on that ground, denies each and every allegation contained therein.

4.     Answering Paragraphs 10 and 17 this Defendant admits the allegations contained therein.

5.     Answering Paragraph 11 of the First Amended Complaint, Defendant admits that under the facts alleged, the Court has subject matter jurisdiction over Plaintiffs' claims at this time.

6.     Answering Paragraph 12 of the First Amended Complaint, Defendant admits that under the facts alleged, venue is proper.

7.     Answering Paragraph 14, this Defendant admits that he was an employee of Los Angeles County, worked for the Los Angeles County Sheriff's Department, and was a resident of the State of California.

8.     Answering Paragraph 15, this Defendant admits that Gilbert Parra was an employee of Los Angeles County, worked for the Los Angeles County Sheriff's Department, was a resident of the State of California and is deceased.  With respect

to the remainder of the allegations in Paragraph 15, Defendant does not have sufficient information or belief to able it to answer said Paragraph and, on that ground, denies each and every allegation contained therein.

9. Answering Paragraph 18, this Defendant admits that the County was and is a public entity organized and existing under the laws of California, that the Los Angeles County Sheriff's Department is a department within the County. As to the remainder of the allegations set forth in Paragraph 18 of the First Amended Complaint, this Defendant does not have sufficient information or belief to enable it to answer said paragraph, and on that ground, deny each and every allegation contained therein.

10. Answering Paragraphs, 16-17, 20-23 and 27-58 this Defendant does not have sufficient information or belief to enable it to answer said paragraphs.

11. Answering Paragraphs 71-77, 94, 96, 98, 99 and 104 this Defendant denies generally and specifically the allegations set forth therein and further denies that Plaintiff is entitled to an award of damages, or any other relief as a result of any act or omission by this Defendant.

12. Answering Paragraph 85, this Defendant incorporates by reference its responses to Paragraphs 1-84 as though fully set forth herein.

13. Answering Paragraph 95, this Defendant incorporates by reference its responses to Paragraphs 1-94 as though fully set forth herein.

14. Answering Paragraph 100, this Defendant incorporates by reference its responses to Paragraphs 1-99 as though fully set forth herein.

### FIRST AFFIRMATIVE DEFENSE

15. Defendant is entitled to immunity from damages accruing after the intervention of judicial officers, i.e., the District Attorney and the judge, since it is presumed that they exercised independent judgment.

## SECOND AFFIRMATIVE DEFENSE

16. Plaintiff Nicholas O'Connell lacks standing to sue for the alleged violation of Plaintiff Frank O'Connell's constitutional rights.

## THIRD AFFIRMATIVE DEFENSE

17. The search of Plaintiff's home was pursuant to a valid search warrant based upon probable cause.

## FOURTH AFFIRMATIVE DEFENSE

18. That Plaintiffs' First Amended Complaint does not state facts sufficient to constitute a cause of action against this Defendant or any Defendant under 42 U.S.C. § 1983 because simple negligence pursuant to the Unites States Supreme Court decision of *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), is not a federal civil rights violation.

## FIFTH AFFIRMATIVE DEFENSE

19. A conspiracy cannot be generally alleged in an action brought under the Federal Civil Rights Act.

## SIXTH AFFIRMATIVE DEFENSE

20. Under the Civil Rights Act, where intent is an element of the claim, the facts must be alleged in complaint with specificity.

## SEVENTH AFFIRMATIVE DEFENSE

21. The First Amended Complaint fails to state a cause of action.

## EIGHTH AFFIRMATIVE DEFENSE

22. Probable cause existed for the prosecution of Plaintiff Frank O'Connell.

## NINTH AFFIRMATIVE DEFENSE

23. The actions of this Defendant in all respects were reasonable, proper and legal.

**TENTH AFFIRMATIVE DEFENSE**

24. Plaintiffs' claims are barred by absolute common law prosecutorial immunity.

**ELEVENTH AFFIRMATIVE DEFENSE**

25. That as a result of the incident that forms the subject matter of this litigation, Plaintiff Frank O'Connell was criminally prosecuted and rulings and findings therein are preclusive in the instant action.

**TWELFTH AFFIRMATIVE DEFENSE**

26. Plaintiffs' First Amended Complaint fails to state a cause of action against this Defendant for punitive damage in that punitive damages violates this Defendant's due process of law rights.

**THIRTEENTH AFFIRMATIVE DEFENSE**

27. Plaintiffs' First Amended Complaint fails to state a cause of action against Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

28. Plaintiffs' claims are barred by the doctrine of unclean hands.

**FIFTEENTH AFFIRMATIVE DEFENSE**

29. Plaintiffs' claims are barred by the doctrine of laches.

**SIXTEENTH AFFIRMATIVE DEFENSE**

30. Plaintiffs have failed to join necessary parties.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

31. Plaintiffs' First Amended Complaint does not meet the case or controversy requirement of Article III of the Constitution of the United States in that the injury or threat of injury is not real or immediate but is conjectural and hypothetical, consequently, Plaintiffs are not entitled to injunctive relief.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

32. Plaintiffs are not entitled to injunctive relief since they have not shown irreparable harm.

### NINETEENTH AFFIRMATIVE DEFENSE

33. Plaintiffs are not entitled to injunctive relief since the remedies at law are adequate.

### TWENTIETH AFFIRMATIVE DEFENSE

34. Plaintiffs are not entitled to injunctive relief sought since the relief sought is contrary to public policy.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

35. This answering Defendant is not legally responsible for the acts and/or omissions of the DOE Defendants.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

36. Plaintiffs' claims are barred by their failure to comply with the strict requirements imposed by California Probate Code §9000, *et. seq.*, regarding creditors' attempts to file a claim against an estate.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

37. There is no insurance coverage to otherwise allow Plaintiffs' claims against any estate in the instant lawsuit.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

38. A probate or trust estate is not a legal entity and, as such, it has no capacity to sue or be sued, or to defend an action.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

39. That pursuant to Government Code § 818 and *Newport City v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), this public entity Defendant is not liable for exemplary or punitive damages in any sum, or at all.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

40. That the Plaintiffs' First Amended Complaint fails to state a cause of action against this public entity Defendant for, pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d

611 (1978), there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental policy or custom.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

41. The County Sheriff and his subordinates act on behalf of the state, not the County, when engaged in law enforcement activities. Consequently, any policies, practices or customs alleged in the First Amended Complaint are not those of the County.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

42. The County is immune from liability under the Eleventh Amendment to the Constitution of the United States.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

43. Plaintiffs' claims are barred, in whole or in part, by the Prison Litigation reform Act.

### THIRTIETH AFFIRMATIVE DEFENSE

44. The actions of this Defendant and its employees in all respects were reasonable, proper and legal.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

45. Each of Plaintiffs' claims against this public entity Defendant are barred by Government Code § 815.2(b).

### THIRTY-SECOND AFFIRMATIVE DEFENSE

46. WHEREFORE, Defendant COUNTY OF LOS ANGELES prays that Plaintiffs take nothing by way of their First Amended Complaint and that this Defendant herein recover its costs and such other and further relief as the Court may deem just and proper.

///

///

# DEMAND FOR JURY TRIAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant COUNTY OF LOS ANGELES demands a trial by jury pursuant to Federal Rules of Civil Procedure, Rule 38 (b) and Local Rule 38-1.

Dated: July 12, 2013          LAWRENCE BEACH ALLEN & CHOI PC


By:  /s/ *Michael D. Allen*
        Michael D. Allen
Attorneys for Defendants,
COUNTY OF LOS ANGELES, J.D. SMITH and ERIC PARRA