1  PAUL B. BEACH, State Bar No. 166265
   pbeach@lbaclaw.com
2  MICHAEL D. ALLEN, State Bar No. 198126
   mallen@lbaclaw.com
3  GEORGE E. MORRIS JR., State Bar No. 281062
   gmorris@lbaclaw.com
4  LAWRENCE BEACH ALLEN & CHOI, PC
   100 West Broadway, Suite 1200
5  Glendale, California 91210-1219
   Telephone No. (818) 545-1925
6  Facsimile No. (818) 545-1937

7
   Attorneys for Defendants,
8  COUNTY OF LOS ANGELES, J.D. SMITH and ERIC PARRA

9
                 **UNITED STATES DISTRICT OF COURT**
10
                 **CENTRAL DISTRICT OF CALIFORNIA**
11

12
   FRANK O'CONNELL, NICHOLAS        )   Case No. 13-CV-01905-MWF (PJWx)
13 O'CONNELL                        )
                                    )   Honorable Michael W. Fitzgerald
14          Plaintiffs,             )
                                    )
15                                  )
                                    )   **ANSWER BY DEFENDANT J.D.**
16      v.                          )   **SMITH TO FIRST AMENDED**
                                    )   **COMPLAINT FOR DAMAGES;**
17                                  )   **DEMAND FOR JURY TRIAL**
                                    )
18 J.D. SMITH; ESTATE OF GILBERT    )
   PARRA; ERIC PARRA, COUNTY        )
19 OF LOS ANGELES AND DOES 1-       )
   10.                              )
20                                  )
                                    )
21          Defendants.             )
                                    )
22                                  )
                                    )
23                                  )

24

25      COMES NOW Defendant, J.D. SMITH, and answering the First Amended

26 Complaint on file herein for himself and for no other Defendant, admits, denies and

27 alleges as follows:

28

                                    1

1.      Answering Paragraph 1, this Defendant admits that, in 1985, Plaintiff was convicted of first degree murder in the death of Jay French and was sentenced to 25 years to life in imprisonment.  This Defendant further admits that the evidence at the underlying prosecution included, but was limited to, the testimony of eyewitnesses Daniel Druecker and Maurice Saucy, who both made identifications from photo spreads presented to them by Homicide Detectives assigned to the Los Angeles County Sheriff's Department.  With respect to the remainder of the allegations in Paragraph 1, Defendant denies generally and specifically each and every allegation set forth therein.

2.      Answering Paragraphs 2, 3, 4, 24, 65-70, 78-84, 86-93, 97 and 101-103 this Defendant denies generally and specifically each and every allegation contained therein.

3.      Answering Paragraphs 5-8, 13, 19, 25, 26, and 59-64 this Defendant does not have sufficient information or belief to enable him to answer said paragraphs and, on that ground, denies each and every allegation contained therein.

4.      Answering Paragraphs 10 and 17 this Defendant admits the allegations contained therein.

5.      Answering Paragraph 11 of the First Amended Complaint, Defendant admits that under the facts alleged, the Court has subject matter jurisdiction over Plaintiffs' claims at this time.

6.      Answering Paragraph 12 of the First Amended Complaint, Defendant admits that under the facts alleged, venue is proper.

7.      Answering Paragraph 14, this Defendant admits that he was an employee of Los Angeles County, worked for the Los Angeles County Sheriff's Department, and was a resident of the State of California.

8.      Answering Paragraph 15, this Defendant admits that Gilbert Parra was an employee of Los Angeles County, worked for the Los Angeles County Sheriff's Department, was a resident of the State of California and is deceased.  With respect

1  to the remainder of the allegations in Paragraph 15, Defendant does not have

2  sufficient information or belief to able him to answer said Paragraph and, on that

3  ground, denies each and every allegation contained therein.

4       9.     Answering Paragraph 18, this Defendant admits that the County was

5  and is a public entity organized and existing under the laws of California, that the

6  Los Angeles County Sheriff's Department is a department within the County.  As to

7  the remainder of the allegations set forth in Paragraph 18 of the First Amended

8  Complaint, this Defendant does not have sufficient information or belief to enable

9  them to answer said paragraph, and on that ground, deny each and every allegation

10 contained therein.

11      10.    Answering Paragraphs 16-17, 20-23 and 27-58 this Defendant does not

12 have sufficient information or belief to enable him to answer said paragraphs.

13      11.    Answering Paragraphs 71-77, 94, 96, 98, 99 and 104 this Defendant

14 denies generally and specifically the allegations set forth therein and further denies

15 that Plaintiff is entitled to an award of damages, or any other relief as a result of any

16 act or omission by this Defendant.

17      12.    Answering Paragraph 85, this Defendant incorporates by reference his

18 responses to Paragraphs 1-84 as though fully set forth herein.

19      13.    Answering Paragraph 95, this Defendant incorporates by reference his

20 responses to Paragraphs 1-94 as though fully set forth herein.

21      14.    Answering Paragraph 100, this Defendant incorporates by reference

22 his responses to Paragraphs 1-99 as though fully set forth herein.

23      **FIRST AFFIRMATIVE DEFENSE**

24      15.    Defendant is entitled to qualified immunity since the applicable law

25 was not clearly established and since a reasonable official in Defendant's position

26 could have believed his conduct was lawful.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SECOND AFFIRMATIVE DEFENSE

16.     This individual Defendant is entitled to qualified immunity since there in no constitutional violation on the facts alleged, the applicable law was not clearly established, and reasonable officials in Defendant's position could have believed their conduct was lawful.

## THIRD AFFIRMATIVE DEFENSE

17.     Defendant is entitled to testimonial immunity as provided by *Briscoe v. LaHue*, 460 U.S. 325 (1983) and its progeny.

## FOURTH AFFIRMATIVE DEFENSE

18.     Defendant is entitled to immunity from damages accruing after the intervention of judicial officers, i.e., the District Attorney and the judge, since it is presumed that they exercised independent judgment.

## FIFTH AFFIRMATIVE DEFENSE

19.     Plaintiff Nicholas O'Connell lacks standing to sue for the alleged violation of Plaintiff Frank O'Connell's constitutional rights.

## SIXTH AFFIRMATIVE DEFENSE

20.     The search of Plaintiff's home was pursuant to a valid search warrant based upon probable cause.

## SEVENTH AFFIRMATIVE DEFENSE

21.     That Plaintiffs' First Amended Complaint does not state facts sufficient to constitute a cause of action against this Defendant or any Defendant under 42 U.S.C. § 1983 because simple negligence pursuant to the Unites States Supreme Court decision of *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), is not a federal civil rights violation.

## EIGHTH AFFIRMATIVE DEFENSE

22.     Defendant is entitled to quasi-judicial immunity.

## NINTH AFFIRMATIVE DEFENSE

23.  A conspiracy cannot be generally alleged in an action brought under the Federal Civil Rights Act.

## TENTH AFFIRMATIVE DEFENSE

24.  Under the Civil Rights Act, where intent is an element of the claim, the facts must be alleged in complaint with specificity.

## ELEVENTH AFFIRMATIVE DEFENSE

25.  The First Amended Complaint fails to state a cause of action.

## TWELFTH AFFIRMATIVE DEFENSE

26.  Probable cause existed for the prosecution of Plaintiff Frank O'Connell.

## THIRTEENTH AFFIRMATIVE DEFENSE

27.  The actions of this Defendant in all respects were reasonable, proper and legal.

## FOURTEENTH AFFIRMATIVE DEFENSE

28.  Plaintiffs' claims are barred by absolute common law prosecutorial immunity.

## FIFTEENTH AFFIRMATIVE DEFENSE

29.  That as a result of the incident that forms the subject matter of this litigation, Plaintiff Frank O'Connell was criminally prosecuted and rulings and findings therein are preclusive in the instant action.

## SIXTEENTH AFFIRMATIVE DEFENSE

30.  Plaintiffs' First Amended Complaint fails to state a cause of action against this Defendant for punitive damage in that punitive damages violates this Defendant's due process of law rights.

## SEVENTEENTH AFFIRMATIVE DEFENSE

31.  Plaintiffs' First Amended Complaint fails to state a cause of action against Defendant.

1      **EIGHTEENTH AFFIRMATIVE DEFENSE**

2      32.   Plaintiffs' claims are barred by the doctrine of unclean hands.

3      **NINETEENTH AFFIRMATIVE DEFENSE**

4      33.   Plaintiffs' claims are barred by the doctrine of laches.

5      **TWENTIETH AFFIRMATIVE DEFENSE**

6      34.   Plaintiffs have failed to join necessary parties.

7      **TWENTY-FIRST AFFIRMATIVE DEFENSE**

8      35.   Plaintiffs' First Amended Complaint does not meet the case or

9   controversy requirement of Article III of the Constitution of the United States in

10  that the injury or threat of injury is not real or immediate but is conjectural and

11  hypothetical, consequently, Plaintiffs are not entitled to injunctive relief.

12     **TWENTY-SECOND AFFIRMATIVE DEFENSE**

13     36.   Plaintiffs are not entitled to injunctive relief since they have not shown

14  irreparable harm.

15     **TWENTY-THIRD AFFIRMATIVE DEFENSE**

16     37.   Plaintiffs are not entitled to injunctive relief since the remedies at law

17  are adequate.

18     **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

19     38.   Plaintiffs are not entitled to injunctive relief sought since the relief

20  sought is contrary to public policy.

21     **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

22     39.   This answering Defendant is not legally responsible for the acts and/or

23  omissions of the DOE Defendants.

24     **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

25     40.   Plaintiffs' claims are barred by their failure to comply with the strict

26  requirements imposed by California Probate Code §9000, *et. seq.*, regarding

27  creditors' attempts to file a claim against an estate.

28

1

2

3

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

41.     There is no insurance coverage to otherwise allow Plaintiffs' claims
against any estate in the instant lawsuit.

4

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

5

6

42.     A probate or trust estate is not a legal entity and, as such, it has no
capacity to sue or be sued, or to defend an action.

7

8

9

10

43.     WHEREFORE, Defendant J.D. SMITH prays that Plaintiffs take
nothing by way of their First Amended Complaint and that this Defendant herein
recover his costs and such other and further relief as the Court may deem just and
proper.

11

**DEMAND FOR JURY TRIAL**

12

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

13

14

PLEASE TAKE NOTICE that Defendant J.D. SMITH demands a trial by
jury pursuant to Federal Rules of Civil Procedure, Rule 38 (b) and Local Rule 38-1.

15

16

17

Dated:  July 12, 2013              LAWRENCE BEACH ALLEN & CHOI PC

18

19

20

21

By:  _/s/ *Michael D. Allen*_
            Michael D. Allen
Attorneys for Defendants,
COUNTY OF LOS ANGELES, J.D. SMITH and
E. PARRA

22

23

24

25

26

27

28

7