UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 13-01905-MWF (PJWx)**              Date:  **September 23, 2013**

Title:    Frank O'Connell -v- J.D. Smith, et al.

PRESENT: HON. MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

| Rita Sanchez | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                       None Present

PROCEEDINGS (IN CHAMBERS):   ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [17]

This matter is before the Court on the Motion for Judgment on the Pleadings as to Plaintiffs' 42 U.S.C. § 1983 Claims Under *Brady v. Maryland* on the Basis of Qualified Immunity (the "Motion"), filed by Defendants J.D. Smith and Eric Parra on July 29, 2013. (Docket No. 17). The Court has reviewed and considered the papers on this Motion, as well as held a hearing on **September 23, 2013**. For the reasons stated below, the Court **DENIES** the Motion.

On March 18, 2013, Plaintiffs Frank O'Connell and Nicholas O'Connell filed a Complaint, initiating this action. (Docket No. 1). Plaintiffs then filed a First Amended Complaint ("FAC") on April 23, 2013. (Docket No. 7). On May 23, 2013, this action was transferred to this Court. (Docket No. 13).

On July 29, 2013, Defendants filed this Motion and noticed it for a hearing on August 26, 2013. (Docket No. 17). On August 1, 2013, the parties filed a Joint Stipulation to Continue the Hearing and Related Dates on this Motion. (Docket No. 19). The Court continued the hearing on this Motion until September 23, 2013. (Docket No. 20). On August 14, 2013, Plaintiffs filed an Opposition to the Motion for Judgment on the Pleadings (the "Opposition"). (Docket No. 24). On August 30, 2013, Defendants filed a Reply to Plaintiff's [sic] Opposition to Motion for Judgment on the Pleadings (the "Reply"). (Docket No. 26).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 13-01905-MWF (PJWx)**           Date: **September 23, 2013**

Title:      Frank O'Connell -*v*- J.D. Smith, et al.

---

According to the FAC, Frank O'Connell was convicted of first degree murder in the death of Jay French on January 15, 1985, and sentenced to 25 years to life imprisonment. (FAC, ¶ 1). Mr. O'Connell alleges that he did not commit this murder. (*Id.*).

The FAC alleges that Los Angeles County Sheriff's Department ("LASD") Detectives J.D. Smith and Gilbert Parra ("Detectives") were assigned to investigate the murder of Jay French. (*Id.* at ¶ 22). Relevant to this Motion are allegations that the Defendant Detectives failed to disclose exculpatory material to the prosecutor working on Mr. O'Connell's trial.

According to the FAC, Mr. O'Connell's conviction hinged on the testimony of several eyewitnesses, including Daniel Druecker, Maurice Soucy, and Anthony Villareal. (*Id.* at ¶ 1). At Mr. O'Connell's trial, these witnesses testified, in pertinent party, that they had identified Mr. O'Connell without hesitation from a photospread presented to them by the Defendant Detectives. (*Id.* at ¶ 4). Mr. O'Connell alleges that the Defendant Detectives had improperly influenced some of these witnesses' identifications. (*Id.* at ¶¶ 1, 4). He further alleges that these witnesses, in fact, hesitated in identifying Mr. O'Connell, and that Defendant Detectives failed to disclose this information to the prosecutor or the defense. (*Id.* at ¶¶ 4-5).

Mr. O'Connell alleges, for example, that the Defendant Detectives withheld from their police reports Mr. Druecker's statements that "he was not certain of his identification," that "he could not remember and asked to be placed under hypnosis," and that he initially "did not recognize . . . any of the photos in the phostospread." (*Id.* at ¶ 59).

Mr. O'Connell additionally alleges that the Defendant Detectives' notes indicated that both Mr. Soucy and Mr. Villareal had identified two possible individuals from the photospread, instead of just Mr. O'Connell, but these notes were also never disclosed. (*Id.* at ¶¶ 60-61).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 13-01905-MWF (PJWx)**                    Date:  **September 23, 2013**

Title:      Frank O'Connell -*v*- J.D. Smith, et al.

---

According to the FAC, the "Defendant Detectives also withheld information regarding a previous attempt on Jay French's life by his former wife and a male associate," who "matched the general description of the person seen shooting Mr. French." (*Id.* at ¶ 2). The Defendant Detectives' notes allegedly stated, in part, that Mr. French's "x wife attempted to run over v [victim] while trying to serve her papers for child custody," and that a man named "Randy attempted to run v down." (*Id.* at ¶¶ 41-42). Mr. O'Connell alleges that these notes were never provided to the prosecution or the defense in his trial. (*Id.* at ¶ 41).

Mr. O'Connell, moreover, alleges that the Defendant Detectives' failure to disclose exculpatory evidence in his case was the result of the LASD's policies, customs, and practices. (*Id.* at ¶¶ 78-84). According to the FAC, the LASD lacked a clear or established policy regarding the retention and provision of exculpatory evidence, and instead, had a custom and practice of failing to maintain and disclose exculpatory evidence. (*Id.* at ¶¶ 81, 82).

Furthermore, Mr. O'Connell asserts that the above-described exculpatory material could have altered the outcome of his trial. (*Id.* at ¶¶ 47-49). Instead, as a result of Defendant Detectives' misconduct, he alleges that he was "wrongly convicted and spen[t] 27 years in prison before his release on a writ of habeas corpus." (*Id.* at ¶ 3).

The FAC alleges three claims for relief, pursuant to 42 U.S.C. § 1983. The first claim is brought on behalf of Frank O'Connell against individual Defendants J.D. Smith, the Estate of Gilbert Parra, and Eric Parra, and is based on the Defendant Detectives' alleged violations of due process, suppression of exculpatory information, fabrication of evidence, suggestive eyewitness identification, and reckless investigation. The second claim alleges the same violations against the same defendants, but is brought on behalf of Frank O'Connell's son, Nicholas O'Connell. The third claim is brought on behalf of both Plaintiffs against entity Defendants County of Los Angeles and the LASD, and alleges that one or more of the policies, customs, practices, failures and omissions of the entity Defendants caused the Defendant Detectives' violations.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 13-01905-MWF (PJWx)**          Date:  **September 23, 2013**

Title:     Frank O'Connell -v- J.D. Smith, et al.

### Motion for Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." F. R. Civ. P. 12(c). "Judgment on the pleadings is properly granted when [, accepting all factual allegations in the complaint as true,] there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "Although *Iqbal* establishes the standard for deciding a Rule 12(b)(6) motion, we have said that Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and that 'the same standard of review' applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

### Claims Against the Estate of Gilbert Parra and Eric Parra

Defendants argue that the claims against the Estate of Gilbert Parra (the "Estate") and Eric Parra are barred due to at least three defects, as discussed below. (Mot. at 1-5; Reply, at 3-10).

*Timeliness of Claim*

Defendants argue that the § 1983 claim against the Estate is time-barred because Gilbert Parra died in 2003, and California Code of Civil Procedure § 366.2 provides that claims against decedents shall be brought against them within one year of the date of death. (Mot. at 1). Defendants also argue that the same statue of limitations applies to the § 1983 claim against Eric Parra, who was sued in his capacity as Gilbert Parra's personal representative. (*Id.* at 3).

Defendants are correct that § 366.2 provides a one-year statute of limitations from the date of decedent's death to actions against that decedent. However, Plaintiffs argue that they are suing the Estate under California Probate Code § 550 *et seq.*, which permits claims directly against an estate indemnified by insurance. *See* Cal. Prob. Code § 550(a).

California Probate Code § 551 provides:

---
**CIVIL MINUTES—GENERAL**                                         4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 13-01905-MWF (PJWx)**                Date:   **September 23, 2013**

Title:      Frank O'Connell -v- J.D. Smith, et al.

---

>  Notwithstanding Section 366.2 of the Code of Civil Procedure, if the limitations period otherwise applicable to the action has not expired at the time of the decedent's death, an action under this chapter may be commenced within one year after the expiration of the limitations period otherwise applicable.

*Id.*

Therefore, it appears that the one-year statute of limitations from the date of decedent's date, specified in § 366.2, does not apply in this case, if it proceeds under § 550. Moreover, whether an action can proceed against Eric Parra would appear to turn on facts outside the scope of a motion for judgment on the pleadings. (Opp. at 20-22).

The Court further notes the discussion in the Opposition at page 19 that Eric Parra may not be necessary.

*Filing of Creditor's Claim*

Defendants also argue that Plaintiffs' claims against the Estate are barred because there are no "allegations in the FAC that a creditor's claim was filed against Gilbert Parra's estate, as is required under California Probate Code §§ 9000 *et seq.*, to be entitled to any debts allegedly owed by the estate." (Mot. at 3).

On this issue, the Court finds instructive the June 14, 2011 Order in *Shortt v. County of Los Angeles*, CV 11-05484-DSF-JCG, Docket No. 66 ("*Shortt* Order"). As the Court explained in *Shortt*, the requirements for filing a creditor's claim, *see* Cal. Prob. Code § 9100, apply only to creditors. *Id.* at 5-6, n.3. California Probate Code § 9000(c) defines a "creditor" as "a person who may have a claim against estate property." However, "a party bringing suit under Probate Code § 550 does not have a claim against estate property, *see* [Cal. Prob. Code] §§553, 554(a)," and thus, "such a party is not a 'creditor' and . . . need not comply with the requirements such as the filing deadline in Probate Code § 9100." *Short* Order, at 6, n.3.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 13-01905-MWF (PJWx)**               Date:   **September 23, 2013**

Title:     Frank O'Connell -v- J.D. Smith, et al.

---

The Court further notes that even if Plaintiffs are considered creditors, they would still be exempted from the requirement to file a creditor's claim, as long as their suit can proceed under § 550.  *See* Cal. Prob. Code § 9390(a) ("An action to establish the decedent's liability for which the decedent was protected by insurance may be commenced or continued under Section 550, and a judgment in the action may be enforced against the insurer, without first filing a claim as provided in this part.").  As indicated below, whether Plaintiffs' suit can proceed under Section 550 remains a question that cannot be decided at this stage.

Therefore, the Court finds that the claims against the Estate and Eric Parra are not barred by Plaintiffs' failure to file a creditor's claim.

*Request for Indemnification*

Defendants further argue that if Plaintiffs are suing the Estate under California Probate Code § 550, Plaintiffs still have not shown that the Estate has requested indemnification from Los Angeles County, which is a prerequisite for indemnification, *see* Cal. Gov't Code § 825.  (Reply, at 8-10).

As indicated above, California Probate Code § 550(a) allows suits against estates protected by insurance.  Plaintiffs argue that the County's mandatory duty to defend and indemnify Gilbert Parra as a former County employee, pursuant to California Government Code §§ 825 and 995, is "tantamount to liability insurance under Prob. Code. [sic] § 550." (Opp. at 20-21).  This argument has been accepted by other Courts before, and this Court sees no reason to do otherwise.  *See Pelayo v. City of Downey*, 570 F. Supp. 2d 1183, 1197 (C.D. Cal. 2008) (assuming that indemnification under California Government Code § 825 is equivalent to insurance, if it is established that the decedent is entitled to indemnification); *Short Order*, at 4-5 (rejecting the defendants' argument that, for the purposes of California Probate Code § 550, indemnification by the County of Los Angeles is distinguishable from insurance because the former is not automatic and applies only in certain circumstances).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 13-01905-MWF (PJWx)**          Date:   **September 23, 2013**

Title:     Frank O'Connell -v- J.D. Smith, et al.

---

However, the County's mandatory duty to indemnify a current or former employee is not triggered unless that employee requests indemnification "in writing not less than 10 days before the day of trial." Cal. Gov't Code § 825(a). In *Pelayo*, the Court held that the plaintiff, who was asserting a § 1983 claim against the City of Downey and a deceased police officer, could sue the deceased officer's estate directly under Probate Code § 550. 570 F. Supp. at 1197. But the plaintiff "failed to establish that the City [was], in fact, [the officer's] insurer" because "there [was] no evidence that anyone ha[d] requested that the City defend and indemnify [the officer] (or his estate) under Government Code § 825(a)." *Id.* Defendants in this case argue, "like *Pelayo*, Plaintiffs have not and cannot show" that anyone has requested that the County indemnify the Estate. (Reply, at 9).

While Defendants are correct that Plaintiffs have not yet alleged that indemnification was requested, the Court is not prepared to grant the Motion at this stage. Plaintiffs argue that "[w]hether Eric Parra has submitted a formal request [for indemnification] is a question of fact that requires discovery." (Opp. at 21). This position is supported by *Pelayo*, which was decided on a motion for summary judgment, rather than a motion for judgment on the pleadings. In *Pelayo*, in deciding to grant judgment in favor of the defendants, the Court noted that "Pelayo ha[d] conducted no discovery on the issue of insurance." *Pelayo*, 570 F. Supp. 2d at 1194.

Therefore, the issue of whether the Estate has requested indemnification by the County is a disputed issue of material fact, and the Court cannot grant judgment on the pleadings. Plaintiffs also raise non-frivolous legal arguments that *Pelayo* does not apply here, when the County has notice.

Accordingly, the Motion, as to the claims against the Estate and Eric Parra, is **DENIED** *without prejudice* to being raised on a motion for summary judgment

**Qualified Immunity**

Defendants' other argument is that the Defendant Detectives are entitled to qualified immunity, with regard to their alleged failure to disclose exculpatory

---

**CIVIL MINUTES—GENERAL**                                               7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 13-01905-MWF (PJWx)**          Date:  **September 23, 2013**

Title:   Frank O'Connell -v- J.D. Smith, et al.

---

evidence during Frank O'Connell's prosecution, because it was not clearly established law in 1984 that police officers were required to turn over such evidence.  (Mot. at 7-21; Reply 11-9).

"The principles of qualified immunity shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law."  *Pearson*, 555 U.S. at 244.  A "two-step sequence" applies to "resolving government officials' qualified immunity claims."  *Pearson v. Callahan*, 555 U.S. 223, 232, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009).

> First, a court must decide whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right. . . .  Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct. Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right.

*Id.* (internal citations omitted).

However, this sequence is not "mandatory."  *Id.* at 236.  The Court is "permitted to exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case at hand."  *Id.*

As indicated above, Defendants properly do not challenge whether the alleged *Brady* violations could constitute a constitutional violation as a matter of law; they instead argue that the Defendant Defectives' obligation to turn over exculpatory evidence was not "clearly established" in 1984.  (Mot. at 7).

Defendants offer three main arguments to support their position:

***First***, Defendants argue that because no Supreme Court case had explicitly extended *Brady* to police officers by 1984, the law regarding an officer's obligation under *Brady* was not clearly established.  (*Id.* at 8-13).  However, for a law to be "clearly established," it is not required that there be a Supreme Court

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 13-01905-MWF (PJWx)**          Date:  **September 23, 2013**

Title:    Frank O'Connell -v- J.D. Smith, et al.

---

case on that issue.  In *Wilson v. Layne*, 526 U.S. 603, 617, 119 S. Ct. 1692, 1699, 143 L. Ed. 2d 818 (1999), the Supreme Court indicated that the law is clearly established, for the purposes of qualified immunity, if "any cases of controlling authority in [defendants'] jurisdiction at the time of the incident . . . clearly established the rule on which they seek to rely," or if "a consensus of cases of persuasive authority" existed at the time "such that a reasonable officer could not have believed that his actions were lawful."

Therefore, the absence of Supreme Court cases regarding police officer's duties under *Brady* does not conclusively show a lack of clearly established law in 1984.

*Second*, Defendants argue that the law was not clearly established because, in 1984, there was a Circuit split on the issue of police officers' *Brady* obligations. (Mot. at 13-18).  Defendants are correct that when there is "a Circuit split on the relevant issue," then "it is unfair to subject police to money damages for picking the losing side of the controversy."  *Pearson*, 555 U.S. at 245 (quoting *Wilson*, 526 U.S. at 618).

However, as Plaintiffs argue in their Opposition, Defendants have identified only one circuit case, *Gibson v. Superintendent of N.J. Dept. of Law & Pub. Safety-Div. of State Police*, 411 F.3d 427 (3d Cir. 2004), *overruled on other grounds by Dique v. N.J. State Police*, 503 F.3d 181, 183 (3d Cir. 2010), to support their position that a Circuit split existed in 1984.  Moreover, in *Gibson*, the Third Circuit held that it was not clearly established **within the Third Circuit** that, in 1994, police officers have a duty to disclose exculpatory material evidence.  *Id.* at 443-44.

The other Circuit cases cited by Defendants do not appear to stand for the propositions cited, or are inapposite to the present case.

For example, Defendants cite to *Taylor v. Waters*, 81 F.3d 429, 433 (4th Cir. 1996), for the proposition that an investigator's duty to disclose exculpatory evidence to the prosecutor was not settled by clear law in 1992.  (Mot. at 15).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 13-01905-MWF (PJWx)**          Date:  **September 23, 2013**

Title:      Frank O'Connell -v- J.D. Smith, et al.

---

However, in *Taylor*, the Fourth Circuit distinguished that the law was not clearly established, only where an "officer's failure to disclose exculpatory evidence" deprives an individual "of a liberty interest in avoiding prosecution on less than probable cause." *Taylor*, 81 F.3d at 436 n.5.  The Fourth Circuit emphasized that it has held, since *Goodwin v. Metts*, 885 F.2d 157 (4th Cir. 1989), *cert. denied* 494 U.S. 1081, 110 S. Ct. 1812, 108 L.Ed. 2d 942 (1990), that a police officer, who withholds exculpatory information to deprive "plaintiffs of their right to a fair trial," is liable under a § 1983 claim.  *Id.*

   Defendants also cite to *Moldowan v. City of Warren*, 578 F.3d 351, 378-79 (6th Cir. 2009) for the proposition that "as of 2009, the Sixth Circuit had not 'yet directly addressed' " police officers' *Brady* obligations.  (Mot. at 15).  However, in *Moldowan*, the Sixth Circuit, in fact, stated that "*Brady* also impose[d] an analogous or derivative obligation on the police," and that even though it recognized this right much later, "the overwhelming number of decisions from other circuits recognizing this type of claim satisfie[d] the Court that any reasonable police officer would know," as of August 1990, "that suppressing exculpatory evidence was a violation of the accused's constitutional rights." *Moldowan*, 578 F.3d at 381-82.

   Defendants further cite to *Harris v. Kuba*, 486 F.3d 1010, 1017 (7th Cir. 2007), in which the Seventh Circuit rejected the argument that a police officer's false statement to a prosecutor is akin to an officer's suppression of evidence, and thus, a *Brady* violation.  (Mot. at 16).  While this is true, it is inapposite to this case, and in fact, indicates that a police officer's suppression of evidence is a clear *Brady* violation in the Seventh Circuit.  *See Harris*, 486 F.3d at 1014 (stating that the *Brady* "obligation extends to police officers, insofar as they must turn over potentially exculpatory evidence").

   Therefore, the Court is not persuaded, on the basis of one Third Circuit case, *Gibson*, that the law in Los Angeles in 1984 did not clearly establish police officers' duties to disclose exculpatory evidence to the prosecutor.

---

                                                        **CIVIL MINUTES—GENERAL**

**10**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 13-01905-MWF (PJWx)**          Date:  **September 23, 2013**

Title:       Frank O'Connell -*v*- J.D. Smith, et al.

*Third*, Defendants acknowledge that *Tennison v. City & County of San Francisco*, 570 F.3d 1078 (9th Cir. 2009), held that *Brady* imposes a duty on prosecutors and police officers alike to disclose exculpatory evidence.  (Mot. at 19).  However, Defendants argue that *Tennison* did not cite to a single case that pre-dated *Kyles v. Whitley*, 514 U.S. 419, 437-38 (1995), which Defendants argue extended the *Brady* obligation to police officers.  (*Id.*).  Defendants thus argue that *Tennison* does not show that the law was clearly established before 1995 when *Kyles* extended *Brady* obligations to police officers.  (*Id.*).

While Defendants are correct that *Tennison* does not cite a pre-1995 case, the Court is not persuaded that the Ninth Circuit's choice of citations in *Tennison* demonstrates that the law on police officers' duty to disclose exculpatory evidence was not clearly established before 1995.  Moreover, in *Tennison*, the Ninth Circuit cited to *Newsome v. McCabe*, 256 F.3d 747, 753-53 (7th Cir. 2001), for the proposition that "it was clearly established in 1979 and 1980 that police could not withhold exculpatory information about fingerprints and the conduct of a lineup from prosecutors."  *Tennison*, 570 F.3d at 1087.  Therefore, the reasoning in *Tennison* actually appears to support Plaintiffs' position that *United States v. Butler*, 567 F.2d 885 (9th Cir. 1978) established, within the Ninth Circuit, that police officers had a duty to disclose exculpatory evidence.

In *Butler*, the Ninth Circuit remanded the defendant's case for a new trial, where the government failed to disclose to the defense that federal narcotics agents had promised to reduce or dismiss pending charges against its key witness, in exchange for testimony favorable to the prosecution.  *Id.* at 886-87.  In determining that a new trial was appropriate, the Ninth Circuit found that *Brady* was violated because "[t]he prosecutor is responsible for the nondisclosure of assurances made to his principal witnesses even if such promises by other government agents were unknown to the prosecutor."  *Id.* at 891.  "Since the investigative officers are part of the prosecution, the taint on the trial is no less if they, rather than the prosecutor, were guilty of nondisclosure."  *Id*.

**CIVIL MINUTES—GENERAL**

11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 13-01905-MWF (PJWx)**           Date:  **September 23, 2013**

Title:      Frank O'Connell -v- J.D. Smith, et al.

---

Defendants argue that *Butler* did not clearly extend *Brady* obligations to police officers because it "put the responsibility for the *Brady* obligations on the prosecutor." (Reply, at 14).

The Court, however, is not persuaded by this argument. Elsewhere in their briefing papers, Defendants argue that "circuits . . . have consistently identified *Kyles* [*v. Whitley*, 514 U.S. 419, 437-38 (1995)] as the Supreme Court case which established" that a *Brady* obligation applies to police officers. (Reply, at 16). The reasoning in *Kyles*, however, is nearly identical to that in *Butler*. In *Kyles*, the Supreme Court stated:

> [T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police. But whether the prosecutor succeeds or fails in meeting this obligation . . . the prosecution's responsibility for failing to disclose known, favorable evidence rising to a material level of importance is inescapable.

*Kyles*, 514 U.S. at 438.

Like *Butler*, *Kyles* also established that a prosecutor violates *Brady* by failing to disclose exculpatory evidence known only to other government agents, including police officers. If the Supreme Court's reasoning in *Kyles* has been widely understood to extend a duty under *Brady* to police officers, the Court does not see how the nearly identical reasoning in *Butler* did not do the same within the Ninth Circuit.

Just because *Butler* imputed the narcotics agents' failure to disclose exculpatory evidence to the prosecutor does not mean that the agents' conduct was considered lawful. The Supreme Court has explained:

> "[C]learly established" for purposes of qualified immunity means that "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. ***This is not to say***

---

CIVIL MINUTES—GENERAL

12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 13-01905-MWF (PJWx)**            Date:  **September 23, 2013**

Title:     Frank O'Connell -v- J.D. Smith, et al.

---

*that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful*, but it is to say that in the light of pre-existing law the unlawfulness must be apparent."

*Wilson*, 526 U.S. at 614-15 (emphasis added).

Therefore, at least at the time of *Butler*, Ninth Circuit law made "apparent" the "unlawfulness" of a prosecutor's failure to disclose exculpatory evidence, even where other government agents are culpable for such failure. Simply because the other agents' culpability is imputed to the prosecutor does not diminish the unlawfulness of the failure. In light of *Butler*, a reasonable officer in 1984 would know that failing to disclose exculpatory evidence to the prosecutor constitutes a *Brady* violation.

Moreover, *Butler* was not a fluke decision. After *Butler*, the Ninth Circuit continued to apply *Brady* to information known only to law enforcement agents. *See, e.g.*, *U.S. v. Hsieh Hui Mei Chen*, 754 F.2d 817, 824 (9th Cir. 1985) (stating that "the prosecution must disclose any information within the possession or control of law enforcement personnel," but ultimately declining to find a *Brady* violation where the prosecutor did not disclose an Internal Border Patrol investigative report because that report was not material to the case); *United States v. Endicott*, 869 F.2d 452, 455 (9th Cir. 1989) (finding a *Brady* violation even though the "nondisclosure of evidence may have been the fault, not of the prosecutors themselves, but of other government agents"); *Jackson v. Brown*, 513 F.3d 1057, 1073-74 (9th Cir. 2008) (rejecting the state's argument that *Kyle v. Whitley* "created a new rule of criminal procedure" in finding "a *Brady* violation where the suppressed evidence was known only to the police," and citing to *Butler*, in part, for the proposition that this rule of criminal procedure long pre-dated *Kyle*).

Finally, the Ninth Circuit was not alone in extending *Brady* obligations to police officers at the time of *Butler*. Plaintiffs cite to a number of cases in other Circuits that had extended the *Brady* obligation to police officers by 1985. *See, e.g.*, *Barbee v. Warden, Md. Penitentiary*, 331 F.2d 842, 846 (4th Cir. 1964)

---

**CIVIL MINUTES—GENERAL**

13

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 13-01905-MWF (PJWx)**          Date:  **September 23, 2013**

Title:     Frank O'Connell -v- J.D. Smith, et al.

---

("Failure of the police to reveal such material evidence [exculpatory ballistics reports and fingerprint tests] in their possession is equally harmful to a defendant . . . . And it makes no difference if the withholding is by officials other than the prosecutor. The police are also part of the prosecution, and the taint on the trial is no less if they, rather than the State's Attorney, were guilty of the nondisclosure."); *Geter v. Fortenberry*, 849 F.2d 1550, 1559 (5th Cir. 1988) ("We agree with Geter that a police officer cannot avail himself of a qualified immunity defense if he procures false identification by unlawful means or deliberately conceals exculpatory evidence [in 1981], for such activity violates clearly established constitutional principles."); *Jones v. City of Chicago*, 856 F.2d 985, 995 (7th Cir. 1988) (finding that the police department's custom, in 1981, of maintaining "police files withheld from the state's attorney and therefore unavailable as a source of exculpatory information" violated *Brady* obligations); *McMillian v. Johnson*, 88 F.3d 1554, 1569, *amended on other grounds on reh'g*, 101 F.3d 1363 (11th Cir. 1996) ("We agree with the Fifth Circuit that clearly established law in 1987 and 1988 prohibited the police from concealing exculpatory or impeachment evidence."); see also *Walker v. City of New York*, 974 F.2d 293, 299 (2d Cir. 1992) (citing cases decided in 1985 and 1986 for the proposition that cases after *Brady* "have suggested that the police satisfy their obligations under *Brady* when they turn exculpatory evidence over to the prosecutor," but that police have no obligation to turn over such evidence to the defense).

Based on the Ninth Circuit's 1978 decision in *Butler*, it was clearly established by 1984 that a police officer's failure to disclose exculpatory evidence constituted a *Brady* violation, and that the clear unlawfulness of such a violation is not diminished by the fact that the violation may be imputed to the prosecutor. This position is bolstered by cases in other Circuits that had decided similarly by 1984, or that have since acknowledged that the officers' obligation under *Brady* was clearly established in or around 1984.

Accordingly, the Motion, as to the qualified immunity claim, is **DENIED** *without prejudice* to being raised on a motion for summary judgment.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 13-01905-MWF (PJWx)**          Date:  **September 23, 2013**

Title:     Frank O'Connell -*v*- J.D. Smith, et al.

---

IT IS SO ORDERED.