Barrett S. Litt, SBN 45527
Email: blitt@kmbllaw.com
Ronald O. Kaye, SBN 145051
Lindsay Battles, SBN 262862
KAYE, McLANE, BEDNARSKI & LITT
234 East Colorado Boulevard, Suite 230
Pasadena, California 91101
Telephone: (626) 844-7660
Facsimile: (626) 844-7670

Attorneys for Plaintiffs
Frank and Nicholas O'Connell

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK O'CONNELL, NICHOLAS O'CONNELL,<br><br>Plaintiffs,<br><br>vs.<br><br>J.D. SMITH; ESTATE OF GILBERT PARRA; ERIC PARRA; COUNTY OF LOS ANGELES AND DOES 1-10<br><br>Defendants. | CASE NO. 13-01905-MWF (PJWx)<br><br>[HONORABLE MICHAEL W. FITZGERALD]<br><br>**DECLARATION OF BARRETT S. LITT IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' RENEWED MOTION TO STAY LITIGATION PENDING OF THE CRIMINAL INVESTIGATION INTO THE MURDER OF JAY FRENCH**<br><br>**Date:** May 11, 2015<br>**Time:** 10:00 A.M.<br>**Courtroom:** 1600 |

# DECLARATION OF BARRETT S. LITT

I, Barrett S. Litt, declare and say:

1. I am one of Plaintiffs' attorneys. I was or am one of the counsel in both *Thomas Goldstein v. City of Long Beach et al.*, Case No. 04-CV-9692 AHM (Ex) (C.D. Cal.) (wrongful conviction case for police failure to turn over exculpatory information regarding jailhouse informant perjury and eyewitness manipulation settled in 2010), and *Bruce Lisker v. City of Los Angeles,* Case No CV 09-9374 AHM (AJW) (C.D. Cal.) (pending wrongful conviction case for police fabrication of evidence).

2. In both cases, I was responsible for the motions in limine regarding the handling of defendants' claim that the plaintiff was guilty of the crime for which he had been originally convicted although in neither case was he re-tried or re-convicted.

3. The documents marked as Exhibits A, B and C are court orders from those two cases on those issues. Our thinking about the correct framing of the issue has evolved over time. Originally, in the *Goldstein* case, we focused on the fact that guilt should be an affirmative defense and that the defendants should have to prove guilt beyond a reasonable doubt.

4. In *Goldstein*, Judge Matz concluded that the guilt defense would be allowed, that guilt was not relevant to liability, that the defense of guilt was an affirmative damages defense on which the defendants would bear the burden of proof, that the jury would be instructed that Mr. Goldstein was presumed innocent, and that Goldstein's protestations of innocence while he was incarcerated could be introduced. See Ex. A (pp. 4-7). While he instructed the filing of Memoranda to establish the burden of proof (Fn. 4), the case settled before a ruling.

5. In *Lisker*, the same issue was briefed. Judge Matz again ruled that guilt was not relevant to liability, again rejected the contention that the failure to re-prosecute precluded the defense of guilt, and ruled that the jury would be

1 instructed that Mr. Lisker was presumed innocent. In addition, he concluded again that guilt was an affirmative defense and did reach the issue of what burden the defendants would have in proving the defense – which he initially decided would be a burden to prove guilt beyond a reasonable doubt. Ex. B.

6. We ultimately became concerned in *Lisker* whether the defendants carrying the burden of proof beyond a reasonable doubt correctly stated the defense. Since this is a civil case, the burden of proof is normally by a preponderance of the evidence. As a result, plaintiff filed a motion in limine regarding the allocation of the burden of proof on the affirmative defense, and argued that the defendants should have the burden of proving by a preponderance of the evidence that plaintiff would be found guilty beyond a reasonable doubt – a proposition not ultimately contested by the defendants and adopted by the Court in a brief order. See Ex. C ("Defendants must prove it is more likely than not that Plaintiff would be found guilty beyond a reasonable doubt if all the evidence the jury in this case receives had been presented at the criminal trial").

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of April, 2015 in Pasadena, California.

By:___/s/ Barrett S. Litt_____
Barrett S. Litt